JOHN W. RATHBUN *et al.* for an Opinion.

JULY 7, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Stating Special Case for Opinion. Probate Law.*

A special case stated for an opinion under Gen. Laws, 1909, cap. 289, § 20, brought by the attorney and next friend of a ward; by the guardian; by the judge of a probate court and by a firm of lawyers, seeking an opinion as to whether under the probate statute the probate court can make a certain allowance to the attorneys for services and expenses, cannot be entertained, for the judge of probate can have no adversary interest in the claim, and it is his duty to decide questions of law, and any interested party if aggrieved has the right of appeal.

*(2) Courts. Opinions.*

The supreme court cannot give opinions for the guidance of parties or tribunals in cases not properly before it.

Special Case stated for opinion under Gen. Laws, 1909, cap. 289, § 20. Petition dismissed.

Sweeney, J. *In re* John W. Rathbun for an opinion.

This is a petition by Alberic A. Archambault, as attorney and next friend of John W. Rathbun, Lila A. Rathbun, as the guardian of the person and estate of the said John W. Rathbun, Wayne H. Whitman, Esq., Judge of the Probate Court of Coventry, and Archambault & Archambault, lawyers, for an opinion by this court.

The petition states that said Archambault & Archambault have a claim for personal services and expenses incurred for expert witnesses for said John W. Rathbun, after said probate court had appointed a guardian of his person and estate; that they have presented said claim for allowance to said probate court; that said guardian contests the allowance of said claim; that said judge of said probate court is in doubt whether Section 12 of Chapter 321, General Laws, 1909, directs or authorizes him to make an allowance out of said estate to be paid by said guardian, and that all of said parties have joined in said petition to this court, stating six questions bearing upon the matter of the allowance or payment of said claim, and asking for the opinion of this court upon said questions.

The petition is brought under the provisions of Section 20, Chapter 289, General Laws, 1909, which provides in part that "parties having adversary interests in any question of the construction of any statute of this state . . . may concur in stating such question in the form of a special case for the opinion of the supreme court; . . . and the court, on hearing the case, may declare its opinion of the rights involved therein without administering any relief, and such declaration shall have the same effect as to all the parties before the court as if contained in a decree on original bill: *Provided*, that the court may decline to answer such questions as in its opinion it cannot properly decide."

The court is of the opinion that it cannot entertain jurisdiction of this petition. The judge of probate, as such, has

no adversary interest in said pending claim, and if he is a party thereto or interested in it, the town council is directed by statute to perform his duties as judge of probate. Sec. 3, Chap. 306, Gen. Laws, 1909. Probate courts have original jurisdiction of the matter of appointment of guardians, and of making an allowance, to be paid by the guardian, for reasonable expense incurred in prosecuting or defending against the petition for guardianship. Any interested person, if aggrieved by a decree of the probate court on any matter within its original jurisdiction, may appeal therefrom to the Superior Court, and this Supreme Court has only appellate jurisdiction of such matters. Important doubtful questions of law may be certified to this court for determination by the Superior Court or a district court, under the provisions of Section 4, Chapter 1258, Public Laws, 1915, but there is no provision in the General Laws, authorizing a probate court to certify any doubtful question of law to this court for determination. It is the duty of the judge of the probate court to decide questions of law arising in cases before him according to the best of his judgment and ability, and any interested person, if aggrieved by his decision, may avail himself of the simple remedy provided by appeal. It is presumed that the judge of the probate court will correctly decide any question of law arising in any case pending before him, and it is not a proper function of this court to give opinions for the guidance of parties or tribunals in cases which are not properly before it. *Weeden* v. *Town Council of Richmond,* 9 R. I. 128.

The petition is dismissed.

*Archambault & Archambault,* for John W. Rathbun.

*Albert B. West,* for Lila A. Rathbun.

*Wayne H. Whitman, Judge of the Probate Court of Coventry.*